IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ABEL FAJARDO-MACEDO | § | |
| VS. | § | CIVIL ACTION NO. 1:24-cv-407 |
| WARDEN, USP ATLANTA | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Abel Fajardo-Macedo, an inmate confined at the Federal Correctional Complex located in Atlanta, Georgia, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]

Discussion

Petitioner challenges his confinement and the removal order pending against him.

Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). A § 2241 Petition must be filed in the district where the Petitioner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). Thus, only the district court where the Petitioner is confined at the time the Petition is filed has jurisdiction to entertain the § 2241 Petition. *Id.*

---

[1] Petitioner raised his claims asserted in this Petition in a *Bivens* action filed in this court. *See Fajardo-Macedo v. United States*, No. 1:24cv364 (E.D. Tex. Sept. 3, 2024). The court determined Petitioner also asserted a challenge to his confinement and removal order and severed his claims into the above-styled action.

Petitioner was confined in the Federal Correctional Complex located in Atlanta, Georgia when he filed the Petition. The city of Atlanta, Georgia is located in the Atlanta Division of the Northern District of Georgia. As Petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider Petitioner's Petition for Writ of Habeas Corpus; subject-matter jurisdiction cannot be waived. *See DeCell & Assocs. v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this Petition were transferred to the district in which the Petitioner is confined rather than dismissed the case for lack of jurisdiction. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 9th day of October, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE